*Mr. Falcón,* for the plaintiff.

Opinion by Mr. Justice Hernández.

The plaintiff, Jaime Sifre, not having shown that he is a party beneficially interested in the issuance of the writ of *mandamus* applied for, since, although he alleges and makes oath that he is candidate for the House of Delegates from the district of Mayagüez, upon the ticket of the "Partido Republicano Puro," to which the petition refers, no candidate whatever appears for the office of delegate.

In view of the provisions of section 3 of the act of March 12, 1903, establishing the writ of *mandamus,* as well as the decisions of this court rendered in two *mandamus* cases, one of them prosecuted in the District Court of Guayama by the president of the local board of the "Partido Unión de Puerto Rico" in Santa Isabel, and the other before this court by Felipe Casalduc Goicoechea, the writ of *mandamus* applied for by Jaime Sifre is hereby denied.

---

## Ex Parte Toro.

### Application for a Writ of Habeas Corpus.

No. 37.—Decided November 10, 1904.

Appeal—Stay of Execution.—An appeal to the Supreme Court from a judgment of conviction rendered in a criminal case operates to stay the execution of the same.

Id.—The provisions of section 2 of the act of March 10, 1904, to amend sections 48 and 50 of the Code of Criminal Procedure, do not in any manner repeal or modify section 4 of the act of March 12, 1903, to amend and repeal certain sections of the said code, which section provides that an appeal stays the execution of the judgment.

Id.—Habeas Corpus—Bond—Illegal Imprisonment.—Where a defendant in a criminal case is denied the right to furnish a bond for his discharge pending the decision of the appeal taken by him from a judgment of conviction, his imprisonment is illegal, and *habeas corpus* is the appropriate remedy to obtain his discharge upon the furnishing of a bond according to law.

The application was made to Mr. Justice Hernández at chambers.

The facts are stated in the opinion.

*Mr. Torres Monge,* for petitioner.

*Mr. Rossy, Fiscal,* for the People.

Mr. Justice Hernández delivered the following opinion.

Carlos Toro Fernández is confined in the Humacao jail, subject to the execution of the judgment rendered on appeal by the District Court of Humacao condemning him to pay a $500 fine and $30.65 costs, or imprisonment in jail for one year, from which judgment he has taken an appeal to the Supreme Court, praying that the execution thereof be stayed and that he be discharged upon furnishing bond, pending the appeal.

The Humacao court thereupon made an order allowing the appeal taken by Toro Fernández, but requiring that in the meantime the sentence of the court should remain in force. In view of this order the said Toro Fernández made application for the writ of *habeas corpus* seeking to be released under bond, which he is willing to furnish.

Sentence 353 of the Code of Criminal Procedure was repealed by section 4 of an act to amend and repeal certain sections of aforesaid Code, approved March 12, 1903, which section expressly provides that an appeal to the Supreme Court from a judgment of conviction stays the execution of the judgment, said section not having been repealed or modified by section 2 of an act to amend sections 48 and 50 of the Code of Criminal Procedure, and for other purposes, approved March 10, 1904; wherefore it is obvious that Toro Fernández is illegally restrained of his liberty, he having offered to furnish bail for his discharge therefrom, pending the appeal taken by him.

It is hereby ordered that Carlos Toro Fernández be discharged upon his furnishing an undertaking in the sum of $500 with two sureties approved by the clerk of this court, to

the effect that the defendant will abide the judgment rendered upon the appeal taken by said Carlos Toro Fernández, the record forwarded by the clerk of the Humacao court to be returned.

---

## THE PEOPLE *v.* MILÁN.

### APPEAL from the District Court of Mayagüez.

No. 7.—Decided November 11, 1904.

NEW TRIAL.—An order overruling a motion for a new trial should be embodied in a *providencia,* and no *acta* is necessary in the premises; but the fact that the court took one course rather than the other does not constitute error which would justify the reversal of the judgment appealed from.

ID.—NEWLY DISCOVERED EVIDENCE.—The defendant who seeks a new trial on the ground of newly discovered evidence must not only present sworn statements showing that evidence, but he must by an affidavit negative the fact that he could have produced the evidence on the trial, showing the reasons which prevented him from doing so and the diligence exercised by him to obtain the evidence before the trial, for the purpose of enabling the court to determine whether he exercised the greatest possible diligence to obtain such evidence.

APPEAL—JUDGMENT.—The fact that the reasoning upon which a judgment is based is not correct, is not sufficient to warrant a reversal thereof where the recitals therein contained correctly and properly decide the rights of the parties.

The facts are stated in the opinion.

*Mr. Rossy, Fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the following opinion of the court:

In this cause Francisco Vega y Lugo was convicted of voluntary homicide for the killing of Pablo Nazario y Lugo, Vega being convicted as principal and Milán as an accomplice. The homicide is alleged to have been committed on the night of the 16th of January of the present year in the municipality of Sabana Grande. The indictment was presented on the 27th